[No. 1220. Decided July 7, 1894.]

CHARLES A. WAITE *et al.*, *Appellants*, v.. F. W. STROUD, *Respondent.*

### BILL OF EXCEPTIONS — SUFFICIENCY.

Where a bill of exceptions does not make a record of what actually happened upon the trial of the cause, but of what occurred on the hearing of the motion for a new trial, it is not entitled to consideration by the appellate court.

*Appeal from Superior Court, King County.*

*Waller & Rawson*, for appellants.

*L. Hulsether*, for respondent.

The opinion of the court was delivered by

STILES, J.— The appeal in this case is based entirely upon certain alleged misconduct of the judge who presided at the trial, in making comments of the class prohibited by § 16, art. 4 of the constitution. To present their grievance to this court appellants have had certified up the pleadings, verdict, notice of motion for a new trial, order denying the motion, and their bill of exceptions.

The only ground of the motion for a new trial which has any relevancy here was :

"Irregularity in the proceedings of the court, and abuse of discretion, by which plaintiffs were prevented from having a fair trial."

The notice stated that the motion as to this ground

would be made upon affidavits thereafter to be filed and served upon defendant's counsel; but there are no such affidavits in the record.

The motion was denied, and thereupon the plaintiffs procured the judge to sign what purports to be a bill of exceptions to the denial of the motion. The bill, after the title of the cause, reads thus:

"Now come the plaintiffs in the above entitled case by their attorneys, and present the following bill of exceptions:

1. The plaintiffs except to the ruling of the court in denying the plaintiffs' motion for a new trial on the ground of irregularity on the part of the court in commenting on the evidence introduced in the case, in the presence of the jury, as follows:"

Here follow three separate paragraphs, enclosed in quotation marks, containing what counsel here affirm was actual language of the judge occurring at the trial, upon inspection of which we should reverse the case. But, although the judge signed the bill, it is plain to the reader of it that it affirms nothing but that there was an exception to the refusal on the ground specified — not that the ground existed by reason of the judge's having used any such language.

The order denying the motion was followed by the words: "To which due exception is taken, and an exception allowed," which was all that was necessary by way of exception to the action of the court in that particular.

The trouble about the matter is that the bill does not purport to make a record of what happened at the trial, which might be a sufficient ground for a new trial, but of what occurred on the hearing of the motion; and there is, therefore, nothing before us showing any such irregularities as those claimed. It would appear, also, that in signing the bill the judge was protesting that he had not used the language imputed to him, for he added to his signature

the following: "There being no admission by reason hereby that the court used any such language as attributed in first exception." Counsel strenuously urge that this reservation should not be regarded; but whether it be or not does not change the result, since the bill does not, either precisely or in substance, pretend to aver that the objectionable words were made use of.

° The bill should have been framed so that it would affirmatively state that such and such things did occur at certain stages of the trial, and in that form should have been presented to the judge for his allowance. If he signed it it would go into the record as part of the history of the trial; but if he refused to sign it, because he did not admit its truth, this court alone had power to settle the matter. Code Proc., § 395. What he did certify referred only to the history of the motion for a new trial. He said he did refuse to grant a new trial, on the grounds specified, and then went farther than was necessary and declared that he did not admit that any such grounds existed. It would not have been error if he had refused to sign the bill at all, since the only exception necessary was noted in the order, which he had already signed.

Judgment affirmed.

HOYT and ANDERS, JJ., concur.

SCOTT, J., concurs in the result.

DUNBAR, C. J.—I think the bill of exceptions was all that was required by the law, and, as in my judgment the judge plainly violated the provisions of the constitution prohibiting judges from commenting on facts, the judgment should be reversed.